**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36751**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 448 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 4, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| VINCENT PETRUSHKIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Order relinquishing jurisdiction and requiring execution of unified four-year sentence with two-year determinate term for criminal possession of a financial transaction card, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Vincent Petrushkin pled guilty to criminal possession of a financial transaction card. Idaho Code § 18-3125. The district court imposed a unified sentence of four years with two years determinate, suspended the sentence and placed Petrushkin on probation for three years. Subsequently, Petrushkin admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence, but retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Petrushkin appeals, asserting that the district court abused its discretion by relinquishing jurisdiction and ordering execution of the underlying sentence.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Petrushkin has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

The trial court, upon relinquishing jurisdiction, is authorized under Idaho Criminal Rule 35 to reduce the sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in relinquishing jurisdiction or in ordering execution of Petrushkin's original sentence. Therefore, the order relinquishing jurisdiction and directing execution of Petrushkin's underlying sentence is affirmed.